<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2011-324

SEPTEMBER TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Bennington Unit, |
| | } | Criminal Division |
| Janette Johnson | } | |
| | } | DOCKET NO. 625/626-7-11 Bncr |
| | } | |

In the above-entitled cause, the Clerk will enter:

Defendant Janette Johnson appeals the criminal division's decision not to amend her conditions of release to allow her to participate in liturgical dancing. I affirm.

On July 17, 2011, defendant was arrested and, the next day, she was arraigned in Bennington Superior Court on a charge of aggravated domestic assault with a deadly weapon. The criminal division released defendant on conditions pursuant to 13 V.S.A. § 7554. In pertinent part, condition #6 requires that defendant not leave Bennington County without the permission of the court, and condition #11 imposes a 10 p.m. curfew on defendant. Defendant moved, pursuant to 13 V.S.A. § 7554, to modify the conditions of release to allow her to attend church services in Cambridge, New York and to travel with her liturgical dance group. After some back and forth, on August 15, the criminal division amended the conditions to allow defendant to attend church in Cambridge on Sundays, but otherwise denied the motion. On September 2, 2011, the criminal division denied a renewed motion to modify. Defendant filed a timely appeal to this Court, pursuant to 13 V.S.A. § 7556(b), and this Court held a telephone hearing with State's Attorney Alexander Burke and defense counsel James Dingley on Tuesday, September 20, 2011.

My review of conditions of release is limited by statute. Id. I must affirm a criminal division's decision "if it is supported by the proceedings below." Id. In setting bail, a judge must determine what are the least restrictive conditions will reasonably assure that defendant will appear. 13 V.S.A. § 7554(a).

The record reflects that the trial court properly considered the relevant factors in determining the least restrictive conditions in this case. Defendant is free on her own recognizance, and she is able to engage in religious worship within Bennington County, as well as Sunday church services in Cambridge, New York. Although, conditions #6 and #11 restrict her ability to travel, § 7554(a)(1)(B) contemplates such restrictions on travel, association, or place of abode where appropriate. In this case, defendant is not a U.S. citizen, is charged with a felony, and faces potential deportation if she is convicted. She is also charged with violating a

condition of release. Defendant asks that these conditions be modified in a broad manner to permit travel around New York and New England for church-related purposes. Such an exemption would, as the State contends, render conditions #6 and #11 entirely open-ended. Given the nature of the charge, defendant's circumstances, and the allegation of a violation of conditions, I conclude that there is a very substantial risk that defendant will not fully abide by less restrictive and open-ended conditions and will flee to avoid the consequences of a conviction. Under these circumstances, I find that the court's decision to deny the motion to amend to be supported by the record.

Defendant also argues that the conditions of release violate her First Amendment rights to free exercise of religion. Although defendant has a fundamental liberty interest in the exercise of her religion, this does not mean that she cannot be subject to conditions of release that restrict the avenues of religious activity available to her. Such restrictions are permissible as long as they do not deprive that liberty more than necessary. See U.S. v. Myers, 426 F.3d 117, 125-26 (2nd Cir. 2005). That is, the relevant First Amendment interests are part of the inquiry as to what counts as the least restrictive set of conditions. In this case, I find the court's decision in this regard supported by the record. Therefore, I affirm.

FOR THE COURT:

_____
John A. Dooley, Associate Justice

2